IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| LEONARD M. MCCOLLUM,         § | |
|    Petitioner,            § | |
| § | |
| v.                             § | CIVIL ACTION NO: H-08-1131 |
| § | |
| NATHANIEL QUARTERMAN,       § | |
|    Director of the Texas Department  § | |
|    of Criminal Justice - Correctional § | |
|    Institutions Division,           § | |
|       Respondent.         § | |

## MEMORANDUM AND RECOMMENDATION

Petitioner McCollums's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 has been referred to this magistrate judge for a report and recommendation (Dkt. 5). McCollum's application to proceed in forma pauperis (Dkt. 4) is granted. The court recommends that McCollum's petition be dismissed for lack of jurisdiction as an unauthorized successive petition.

In his petition, filed April 8, 2008, McCollum alleges he was convicted on September 30, 1991 of forgery in cause no. 610874. He was sentenced to 10 years in prison. McCollum attacks his 1991 conviction on the ground that he was denied his Sixth Amendment right to counsel and the state court erred in rejecting his contention and dismissing his habeas application. McCollum challenged this same conviction in a prior federal petition, Civil Action No. 07-3675, filed October 30, 2007. The district court denied the petition.

Lucas has not obtained permission from the Fifth Circuit to file this petition as required by 28 U.S.C. § 2244(b)(3). This court has no jurisdiction to entertain a federal

habeas petition challenging the same state court judgment as a prior federal habeas petition unless the Fifth Circuit has granted permission.[1]  *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).  The court recommends that this petition be dismissed for want of jurisdiction because it is successive.[2]

The court further finds that Lucas has not made a substantial showing that he was denied a constitutional right or that it is debatable whether this court is correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Therefore, the court recommends that a certificate of appealability not issue.

The parties have ten days from service of this Memorandum and Recommendation to file written objections.  Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error.  *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas on June 25, 2008.

Stephen Wm Smith
United States Magistrate Judge

---

[1] Lucas has previously been warned that he may be sanctioned if he continues to file habeas actions that are clearly barred.  *Lucas v. Dretke*, Civil Action No. 05-3156, Memorandum Opinion and Order, at 7 (Nov. 7, 2005).

[2] Lucas's federal petition is also untimely under the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244(d).  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (state habeas petition filed after expiration of the one-year time limit does not toll the period).